STATE OF WEST VIRGINIA

FILED

January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN L. DELP,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0186** (BOR Appeal No. 2048642)
                        (Claim No. 2006060683)

**PUBLIC DEFENDER CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Susan L. Delp, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Public Defender Corporation, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed an August 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 2, 2011, decision which granted Ms. Delp a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Delp, an office manager and paralegal, developed bilateral ulnar nerve entrapment in the course of her employment. The conditions were held compensable, and she was treated by Jaiyoung Ryu, M.D. Dr. Ryu indicated in a December 22, 2009, treatment note that Ms. Delp underwent cubital tunnel release and anterior transposition of the ulnar nerve on the right side. [1]

---

[1] The Court takes notice that ulnar nerve entrapment and cubital tunnel syndrome are the same condition.

She reported to him that her symptoms had ceased since the surgery. She had full range of motion in the elbow, wrist, and fingers at the time of his evaluation and was released to return to full-duty. Ms. Delp was treated by Claire Beimesch, M.D., approximately one year later. Dr. Beimesch noted that Ms. Delp underwent carpal tunnel release surgery, guyon's canal release, and ulnar nerve transposition five months prior on the left upper extremity. Ms. Delp was doing well and her numbness and tingling had resolved. She still lacked five to ten degrees of extension, but it was noted that the measurement was symmetric to the right side.

Ms. Delp underwent three independent medical evaluations in order to determine the amount of permanent impairment she sustained as a result of her compensable conditions. The first evaluation was performed on February 14, 2011, by A. E. Landis, M.D. Dr. Landis noted that Ms. Delp had pre-existing, non-compensable carpal tunnel syndrome. She reported that surgery on her bilateral ulnar nerves helped her symptoms considerably. She stated that she had full range of motion with no stiffness. She had some tenderness in the left elbow surgical site. Her grip strength was normal, and Dr. Landis found no neurovascular or sensory changes. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) he found no impairment for range of motion and 1% impairment for each surgical incision for a total of 2% whole person impairment.

A second independent medical evaluation was conducted by Bruce Guberman, M.D., on October 12, 2011. Dr. Guberman stated that, at the time of the evaluation, Ms. Delp reported burning, tingling, and weakness in her right arm and hand. She also reported intermittent pain, numbness, and tingling in the left arm and hand. She stated that she drops things with both hands, but was working full-time at the time of the exam. Dr. Guberman noted scars on both elbows that were slightly tender and numb. He diagnosed bilateral cubital tunnel syndrome and left carpal tunnel syndrome. He assessed 7% impairment for right cubital tunnel syndrome and 9% for left cubital tunnel syndrome for a combined total of 15% impairment. He also recommended 6% impairment for left carpal tunnel syndrome, a non-compensable condition.

A third independent medical evaluation was conducted by Prasadarao Mukkamala, M.D., on March 13, 2013. At that time, Ms. Delp stated that she had no symptoms at all in the left arm. In the right arm, she had no symptoms at the elbow but had numbness in the hand and wrist. Dr. Mukkamala found normal range of motion in both arms. He found she had reached maximum medical improvement and assessed 1% whole person impairment for sensory loss in the right arm. He noted that he disagreed with Dr. Guberman's impairment rating because Dr. Guberman found motor weakness. Dr. Mukkamala found no motor weakness. He also noted that Dr. Guberman's assessment was not consistent with the treating physician's findings.

The claims administrator granted Ms. Delp a 2% permanent partial disability award on March 2, 2011. The Office of Judges affirmed the decision on August 2, 2013. It found that Dr. Landis found 2% impairment for surgical scars, and Dr. Mukkamala found 1% impairment for sensory deficits in the right upper extremity. Dr. Guberman was the only physician of record to find motor deficits in Ms. Delp's upper extremities. Additionally, he was the only evaluator of record to find sensory deficits in the left upper extremity. The Office of Judges determined that Drs. Ryu and Beimesch's treatment notes did not document any evidence of upper extremity

motor or sensory deficits. Therefore, the Office of Judges found that the weight of the evidence does not support Dr. Guberman's finding of 15% whole person impairment. It held that Ms. Delp failed to show by a preponderance of the evidence that she was entitled to more than a 2% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 27, 2014.

On appeal, Ms. Delp argues, per Dr. Guberman's report, that she is entitled to a 15% permanent partial disability award. Public Defender Corporation asserts that Dr. Guberman's report is unreliable and contrary to the preponderance of the evidence. After review, we agree with the findings of the Office of Judges and the conclusions of the Board of Review. Dr. Guberman's assessment of 15% whole person impairment is well outside of the other recommendations of record, and his recommendation is not supported by the evidentiary record. The evidentiary record indicates that Ms. Delp is entitled to a 2% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II